# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

JOHN W. SHADE, III,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 1:22-cv-00043

ROKOSKY, Warden, FCI McDowell,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss with Prejudice (ECF No. 15).[1] This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.　　RELEVANT PROCEDURAL HISTORY

On January 24, 2022, Petitioner, while incarcerated at the McDowell Federal Correctional Institution ("FCI McDowell") in Welch, West Virginia, filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) seeking prior custody credit as well as Earned Time Credit ("ETC") under the First Step Act of 2018.[2] On April 5, 2022, as ordered by the court, Respondent filed a Response to Order to Show

---

[1] Also pending are Petitioner's Motion for Leave to Expand the Record (ECF No. 10), Petitioner's Motion for Expedited Review (ECF No. 11), and Petitioner's Motion to Obtain Electronic Case Filing Rights (ECF No. 13), which will be addressed by separate order.
[2] Respondent uses the term "Federal Time Credit" or "FTC" when referring to the First Step Act credit sought. However, the undersigned will hereinafter use the acronym ETC.

Cause (ECF No. 9), disputing that the petitioner is entitled to any prior custody credit and that he was not, at that time, eligible for ETC credit.

On April 11, 2022, Petitioner filed a motion for leave to expand the record in support of his petition (ECF No. 10), seeking to add documentation to the record demonstrating that his PATTERN score had been changed due to the correction of an error in his criminal history point calculation. Petitioner contended that the failure to correct errors in his PATTERN score prevented him from receiving additional days of ETC credit and resulted in him being "unconstitutionally overdetained." (*Id.*) On May 2, 2022, Petitioner filed a Reply making similar arguments about his alleged over-detention due to the miscalculation of his PATTERN score. (ECF No. 11).

On May 19, 2022, Petitioner filed a notice of change of address indicating that he had been released from Federal Bureau of Prisons ("BOP") custody at FCI McDowell to an address in Thornville, Ohio. (ECF No. 12). On June 27, 2022, in response to a court order to file an authorized sur-reply concerning the mootness of the petition, Respondent filed the pending Motion to Dismiss with Prejudice (ECF No. 15), asserting that the petition was mooted by Petitioner's First Step Act release from custody and that the Court now lacks Article III subject matter jurisdiction over the matter. According to the BOP's website, Petitioner was fully released from BOP custody, presumably to his term of supervised release, on December 1, 2022. *See* https://www.bop.gov/inmateloc/.

## II.   DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472,

477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). As noted above, Petitioner has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief of additional custody credit.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss with Prejudice (ECF No. 15), **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court,

specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

December 7, 2022

Dwane L. Tinsley
United States Magistrate Judge